UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHELLE DUNMORE,

    Plaintiff,

      v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

Civil Action No. 05-276 (CHK)

**MEMORANDUM OPINION**
(December 18, 2006)

On October 31, 2006, the Court issued an Order and Memorandum Opinion denying Defendant's Motion for Judgment of Affirmance, granting in part Plaintiff's Motion for Judgment of Reversal, and remanding this case to the Social Security Administration for further proceedings. *See* Order, Memorandum Opinion, *Dunmore v. Barnhart*, Civ. Act. No. 05-276, slip. op. (D.D.C. October 31, 2006) (hereinafter "Mem. Op."). Defendant has now filed a motion to alter or amend the Court's October 31, 2006 judgment under Federal Rule of Civil Procedure Rule 59(e). Upon consideration of Defendant's Motion, Plaintiff's Opposition, Defendants' Reply, and the relevant case law, the Court shall grant Defendant's motion, vacate the Court's October 31, 2006 Order and Memorandum Opinion, deny in its entirety Plaintiff's Motion for Judgment of Reversal, and grant Defendant's Motion for Judgment of Affirmance.

**I: BACKGROUND**

The Court shall assume familiarity with the Court's October 31, 2006 Memorandum Opinion, which sets forth in detail the factual background of this case, and shall therefore only

briefly address such facts as are necessary for resolution of the motion currently before the Court. Plaintiff Michelle Dunmore petitioned the Social Security Administration for Social Security Income Benefits ("SSI") pursuant to Title XVI of the Social Security Act on January 23, 2002, claiming disability stemming from her cancer of the cervix. Admin. Record ("A.R.") at 89–92, 101. Plaintiff's claim for SSI was denied initially and upon reconsideration. *Id.* at 49–51, 52, 57–59. Plaintiff's hearing before an ALJ was held on May 3, 2004, and although Plaintiff was apprised of her right to representation at the hearing, she chose to proceed without a representative. *Id.* at 23, 25-26. During the hearing, testimony was taken from Plaintiff, a witness, and an independent vocational expert. *Id.* at 23–42.

In a decision dated May 19, 2004, the ALJ denied Plaintiff's requested SSI, finding that Plaintiff was not disabled within the meaning of Title XVI of the Social Security Act. *Id.* at 12-22. In making this determination, the ALJ relied on the testimony of the impartial vocational expert ("VE") and the Medical-Vocational Guidelines, and determined that Plaintiff was able to do other work that existed in significant number in the national economy, including the jobs testified to by the VE: office helper (65,000 nationally and 1,800 regionally), stock checker (40,000 nationally and 400 regionally), and non-postal mail clerk (60,000 nationally and 700 regionally). *Id.* at 20. As a result, the ALJ concluded that Plaintiff was not disabled. *Id.* at 20–21. Plaintiff appealed this decision on July 12, 2004, *id.* at 9, and the Appeals Council affirmed the ALJ's decision on December 10, 2004, *id.* at 4-6. Having fully exhausted her administrative remedies, Plaintiff filed the instant action seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

Plaintiff's Motion for Judgment of Reversal identified four main flaws in the ALJ's

decision. The Court's October 31, 2006 Memorandum Opinion rejected three of Plaintiff's arguments, but found merit in Plaintiff's argument that the ALJ improperly relied on the testimony of the VE because he failed to "recognize obvious conflicts" between the VE's testimony and the *Dictionary of Occupational Titles* ("DOT") and failed to explain how such conflicts were resolved. Mem. Op. at 17-19. Defendant opposed Plaintiff's arguments in its own Motion for Judgment of Affirmance; nevertheless, the Court's October 31, 2006 Order and Memorandum Opinion granted Plaintiff's Motion for Judgment of Reversal with respect to the issue of the conflict between the DOT and the VE's testimony, and remanded the case to the Social Security Administration for further proceedings consistent with that determination. Mem. Op. at 20-21.

  Defendant filed its Motion to Alter or Amend on November 15, 2006, in which Defendant reasserted its previous argument regarding the purported inconsistency between the DOT and Social Security regulations and definitions, but also raised an argument not previously developed – that there was, in fact, no conflict between the DOT and the VE's testimony – citing a number of cases not previously cited to the Court. *See generally* Def.'s Mot. Under Fed. R. Civ. P. 59(e) and Supporting Mem. of P. & A. (hereinafter "Def's Rule 59(e) Mot."). Plaintiff filed an Opposition to Defendant's motion on November 27, 2006, and Defendant filed a Reply on December 7, 2006.

## II: LEGAL STANDARD

  Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later

than 10 days after entry of the judgment."[1]  Fed. R. Civ. P. 59(e).  The motion "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks and citations omitted); *see also Ramseur v. Barreto*, 213 F.R.D. 79, 81 (D.D.C. 2003) (instructing that reconsideration will be granted when the moving party demonstrates that there exists a "manifest error of law or fact," or presents "newly discovered evidence") (quoting *United States v. W. Elec. Co.*, 690 F. Supp. 22, 25 (D.D.C. 1988), *aff'd in part, rev'd on other grounds*, 900 F.2d 283 (D.C. Cir. 1990)).  Granting reconsideration under Rule 59(e) is an "extraordinary measure."  *Firestone*, 76 F.3d at 1208.  New evidence is evidence which "is newly discovered or previously unavailable despite the exercise of due diligence."  *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 29 (D.D.C. 2001) (citing *Alton & S. Ry. Co. v. Bhd. Of Maint. of Way Employees*, 899 F. Supp. 646, 648 (D.D.C. 1995), *aff'd*, 72 F.3d 919 (D.C. Cir. 1995)).

      A Rule 59(e) motion is "not simply an opportunity to reargue facts and theories upon which the court has already ruled."  *United States v. Funds from Prudential Sec.,* 245 F. Supp. 2d 41, 44 (D.D.C. 2003) (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995)).  Nor is it "a vehicle for presenting theories or arguments that could have been presented earlier," *id*. at 38, or a method of introducing evidence that was "available but not offered at the original motion or trial," *Natural Res. Def. Council, Inc. v. United States Envt'l Protection Agency*, 705

---

[1] Federal Rule of Civil Procedure 6(a) states that "[w]hen the period of time prescribed . . . is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  Fed. R. Civ. P. 6(a).  Defendant's motion was filed on November 15, 2006, which was 10 days after the Court's ruling, excluding the intervening weekends and holiday.

F. Supp. 698, 702 (D.D.C. 1989), *vacated on other grounds*, 707 F. Supp. 3 (D.D.C. 1989); *see also Savers Fed. Sav. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1508-09 (5th Cir. 1989) (finding no abuse of discretion in denying a Rule 59(e) motion that sought to raise new theories where facts were known to the movant in advance of summary judgment).

### III: DISCUSSION

In relevant part, Plaintiff's Motion for Judgment of Reversal argued that a conflict existed between the VE's identification of three positions that could be performed by someone meeting the ALJ's hypothetical description and the DOT's description of these positions, and further argued that the ALJ was required to resolve this conflict pursuant to Social Security Ruling ("SSR") 00-4p, *Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions*, 2000 WL 1898704 (S.S.A. Dec. 4, 2000).  Pl.'s Mot. for J. of Rev. at 14-16.  Specifically, Plaintiff noted that according to the DOT, the position of "mail clerk" requires Level 3 Reasoning and the positions of "office helper" and "stock clerk" require Level 2 Reasoning, and argued that because the ALJ limited Plaintiff's capabilities to work involving only "simple routine unskilled tasks," A.R. at 20, Plaintiff could only perform work requiring Level 1 Reasoning.  *Id.*; Pl.'s Mot. for J. of Rev., Ex. D (DOT Scale of General Education Development).  *See* Pl.'s Mot. for J. of Rev. Exs. A-C (*Dictionary of Occupational Titles*, §§ 209.687-026, 239.567-010, 299.667-014 (4th ed. 1991)).

In response, Defendant's Motion for Judgment of Affirmance noted that Social Security regulations define unskilled work as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time," 20 C.F.R. § 416.968, and also state that basic work activities required for all jobs include "[u]nderstanding, carrying out, and

remembering simple instructions [,]" 20 C.F.R. 416.921. Def.'s Mot. for J. of Aff. at 16-17. As a result, Defendant reasoned that the ALJ's determination that Plaintiff was limited to "simple routine, unskilled tasks" was redundant because "[t]he ability to perform unskilled tasks is also the ability to perform simple routine duties," and further that because Plaintiff did not dispute that she had the RFC to perform "simple routine unskilled tasks," she was inherently "capable of performing the mental demands of unskilled work." *Id.* at 17. In addition, Defendant argued that according to SSR 00-4p, which states that definitions in Social Security regulations control over contrary definitions provided by a vocational expert, "unskilled work corresponds to [specific vocational preparation ("SVP") score] of 1-2." Def.'s Mot. for J. of Aff. at 18; SSR 00-4p, 2000 WL 1898704 at *3.[2] As each of the jobs identified by the VE have an SVP of 2, Defendant argued that "to the extent that the DOT reasoning levels indicate that the unskilled occupations with [SVPs] of 2 identified by the vocational expert 'involve complex duties'" those reasoning levels are inconsistent with definitions included in Social Security regulations and may not be relied upon by an ALJ. Def.'s Mot. for J. of Aff. at 18-21 (citing SSR 00-4p).

These arguments lacked merit when offered in Defendant's Motion for Judgment of Affirmance, and are of no greater merit now that Defendant has offered them again in its Motion to Alter or Amend. The ALJ determined that Plaintiff was limited to "simple routine unskilled tasks," A.R. at 20, and it is only reasonable to assume that the ALJ intended each of those terms to have meaning. Moreover, the main flaw in Defendant's logic is that it conflates two separate vocational considerations – each job description in the DOT includes both an SVP score and a

---

[2] The DOT defines specific vocational preparation ("SVP") as the "amount of lapsed time required by a typical worker to learn the techniques, acquire information, and develop the facility needed for average performance in a specific job-worker situation." DOT, App. C, § II.

reasoning level. "A job's SVP is focused on 'the amount of lapsed time it takes for a typical worker to learn the job's duties" while a "job's reasoning level, by contrast, gauges the minimal ability a worker needs to complete the job's tasks themselves." *Meissl v. Barnhart*, 403 F. Supp. 2d 981, 983 (C.D. Ca. 2005); *see also Hall-Grover v. Barnhart*, 2004 WL 1529283, at * 4 (D. Me. Apr. 30, 2004) ("SVP ratings speak to the issue of the level of vocational preparation necessary to perform the job, not directly to the issue of a job's simplicity, which appears to be more squarely addressed by the [reasoning level] ratings."). Defendant's arguments are thus inapposite, because the fact that the jobs indicated by the VE are properly considered unskilled has no bearing on whether Plaintiff has the reasoning level required for those jobs. *See Meissl*, 403 F. Supp. 2d at 983.

However, Defendant's Motion to Alter or Amend presents another argument regarding the issue of conflict between the DOT and the VE's testimony, one which Defendant did not develop in its Motion for Judgment of Affirmance. Defendant now argues (and cites cases to this effect not previously cited) that, in fact, there is no conflict between the DOT and the VE's testimony. Def.'s Rule 59(e) Mot. If Defendant is correct that no conflict exists, it follows that the ALJ's failure to resolve a non-existent conflict does not preclude this Court from affirming the ALJ's decision.

The Court's October 31, 2006 Memorandum Opinion determined that a conflict existed between the VE's testimony that someone limited to "simple routine unskilled tasks" could perform the jobs of "mail clerk," "office helper," and "stock clerk," and the DOT's indication that those jobs require either Level 2 or Level 3 Reasoning. Mem. Op. at 18. The Court accepted Plaintiff's argument that her limitations corresponded to Level 1 Reasoning in the DOT,

which requires "[a]pply[ing] commonsense understanding to carry out simple one- or two- step instructions" and "[d]eal[ing] with standardized situations with occasional or no variables in or from these situations encountered on the job," *id.*; Pl.'s Mot. for J. of Rev. at 15 & Ex. D (DOT Scale of General Educational Development), and determined that a conflict therefore existed. Defendant has now alerted the Court to two considerations that merit reconsideration of this conclusion.

First, in the context of describing reasonable explanations that ALJs might offer for conflicts between VE evidence and the DOT, SSR 00-4p states that, "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." SSR 00-4p, 2000 WL 1898704 at *3.[3] As such, it appears that, although the DOT lists Level 2 or Level 3 Reasoning as the maximum requirement for the jobs of "mail clerk," "office helper," and "stock clerk," an individual with Level 1 Reasoning might be capable of doing one of those jobs in a specific setting. *See Haas v. Barhnart*, 91 Fed. Appx. 942, 947, 2004 WL 396982, at *6 (5th Cir. Mar. 4, 2004) (finding that, because the DOT described the maximum requirement for occupations, VE testimony that Plaintiff could do particular sedentary jobs did not necessarily conflict with DOT characterization of jobs as light, rather than sedentary).

---

[3] In further support of this argument, Defendant cites *Barker v. Shalala*, 40 F.3d 789 (6th Cir. 1994), in which the Sixth Circuit noted a DOT disclaimer indicating that the DOT only provides composite descriptions of occupations, which do not necessarily preclude the same occupation from having different characteristics in other job situations. Def.'s Rule 59(e) Mot. at 2. However, the internet citation (http://www.occupationalinfo.org/ front_223.html) that Defendant provides for this DOT disclaimer does not include the same language as that cited by the Sixth Circuit, and as such it is unclear whether the DOT disclaimer at issue remains the same as it was in 1994, when *Barker v. Shalala* was decided.

Second, Defendant cites for the first time cases from other jurisdictions in which courts have determined that a restriction to "simple routine unskilled tasks" is not necessarily inconsistent with Level 2 Reasoning.[4]  *Money v. Barnhart*, 91 Fed. Appx. 210, 215, 2004 WL 362291, *3-4 (3rd Cir. Feb. 25, 2004); *Meissl*, 403 F. Supp. 2d at 984.  The Court is persuaded by the reasoning of these cases that Plaintiff's limitation to "simple routine unskilled work" does not preclude her from performing jobs requiring Level 2 Reasoning, which involves "[a]pply[ing] commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal[ing] with problems involving a few concrete variables in or from standardized situations."  Pl.'s Mot. for J. of Rev. Ex. D (DOT Scale of General Educational Development); *see Money*, 91 Fed. Appx. at 215 ("Working at reasoning level 2 would not contradict the mandate that [plaintiff's] work be simple, routine and repetitive."); *Meissl*, 403 F. Supp. 2d at 984 ("Someone able to perform simple, repetitive instructions indicates a level of reasoning sophistication above [Level 1]."); *see also Hackett v. Barnhart*, 395 F. 3d 1168, 1176 (10th Cir. 2005) (finding that Level 2 Reasoning "appears more consistent with Plaintiff's RFC" requiring "simple and routine work tasks.").[5]

Instead, based on her limitation to "simple routine unskilled work," it appears that

---

[4] The Court notes that as District Courts do not establish binding precedent, this Court is not bound by cases decided by District Courts in this District or in any other District, nor by cases decided by Courts of Appeal in other Circuits.  *In re Executive Office of the President*, 215 F.3d 20, 24 (D.C. Cir. 2000).

[5] In addition, the Court notes that the suggestion in *Brown v. Barhart*, on which the Court's October 31, 2006 Memorandum Opinion relied, that an RFC limited to "simple, unskilled tasks" corresponds to Level 1 Reasoning was dicta, as *Brown* concluded that the ALJ properly determined that the plaintiff was disabled because the VE in that case testified to one job consistent with the DOT.  *Brown*, 408 F. Supp. 2d at 35-36.

Plaintiff would be capable of performing work requiring either Level 1 or Level 2 Reasoning. Two of the jobs identified by the VE – "office helper" and "stock clerk" – require Level 2 Reasoning, Pl.'s Mot. for J. of Rev., Exs. B-C (*Dictionary of Occupational Titles*, §§ 239.567-010, 299.667-014 (4th ed. 1991)), and the VE specifically volunteered her opinion that her testimony was "consistent with the [DOT]," A.R. at 40, a fact which the ALJ noted in his decision, *id.* at 20.[6]  As such, although SSR 00-4p requires an ALJ to elicit a reasonable explanation for "an apparent unresolved conflict" and to "resolve the conflict by determining if the explanation given . . . is reasonable . . . " SSR 00-4p, 2000 WL 1898704 at *2, the Court is convinced that no "apparent unresolved conflict" in fact exists in this case between the DOT and the VE's testimony.  The Court shall therefore grant Defendant's Motion to Alter or Amend.

A court will not disturb the determination of the Commissioner if it is based on substantial evidence in the record and the correct application of the relevant legal standards.  42 U.S.C. §§ 405(g), 1383(c); *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004).  In reviewing an administrative decision, a court may not determine the weight of the evidence, nor substitute its judgment for that of the Secretary if her decision is based on substantial evidence.  *Butler*, 353 F.3d at 999; *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Here, no "apparent unresolved conflict" existed between the DOT and the VE's testimony; indeed, the VE volunteered opinion that her testimony was "consistent with the [DOT]," A.R. at 40.  As such,

---

[6] Plaintiff would more likely be precluded from performing jobs requiring Level 3 Reasoning, including the position of "mail clerk."  Nevertheless, "[w]hen an expert testifies that a claimant can perform multiple jobs and at least one of those jobs does not conflict with DOT and exists in significant numbers in the national economy, a decision by the SSA based on the expert's testimony is supported by substantial evidence." *Brown*, 408 F. Supp. 2d at 36 (citations omitted).

the Court cannot conclude that the ALJ's decision to deny Plaintiff's request for SSI lacked substantial evidence. The Court shall therefore vacate its October 31, 2006 Order and Memorandum Opinion, shall deny in its entirety Plaintiff's Motion for Judgment of Reversal, and shall instead grant Defendant's Motion for Judgment of Affirmance.

The Court determines that these actions are necessary in the interest of justice, as well as to prevent a futile remand because it appears that the new argument and cases presented in Defendant's Motion to Alter or Amend would likely prevail on appeal. In granting Defendant's Motion to Alter or Amend, however, the Court notes that the new argument and cases presented in Defendant's Motion to Alter or Amend were equally available to Defendant in drafting its Motion for Judgment of Affirmance. The Court strongly recommends that, in the future, Defendant – and all parties – put their best foot forward in their initial round of briefing rather than burden their adversaries, their clients, and the Court with the unnecessary effort and expense of a second round of motions that could easily be avoided.

### IV: CONCLUSION

For the reasons set forth above, in the interest of justice the Court shall grant Defendant's motion to alter or amend the Court's October 31, 2006 judgment. Furthermore, the Court shall vacate the Court's October 31, 2006 Order and Memorandum Opinion, and shall deny in its entirety Plaintiff's Motion for Judgment of Reversal, and grant Defendant's Motion for Judgment of Affirmance. An appropriate Order accompanies this Memorandum Opinion.

Date:   December 18, 2006

                                            */s/*
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge